ESKESTRAND *v.* DURANT HOTEL CO.

May 3, 1954

No. 39056          63 Adv. S. 18          72 So. 2d 207

*Allan T. Edwards,* Jackson, for appellant.

*Johnson & White,* Lexington, for appellee.

HALL, J.

This suit was begun by attachment in chancery by appellee corporation against appellant seeking an accounting and discovery and also seeking a recovery of all amounts due the corporation by appellant as reflected

by such accounting and discovery and including specifically overpayments of salary which appellant had paid to herself out of the funds of the corporation. The bill alleged that appellant had taken away practically all the records and books of the company. The answer denied this and made no discovery and rendered no accounting.

Appellee owns and operates Hotel Durant, at Durant, Mississippi. Appellant's father was originally the principal stockholder and operated the hotel. His health was failing and in December 1941 an agreement was made with all the stockholders and directors of the corporation whereby she would take over the management at a salary of $150.00 per month plus room and meals beginning in January 1942. At that time she and three of her brothers owned a part of the stock. Later her father died, and thereafter appellant and her said brothers became the owners of all the corporate stock in equal share. Appellant continued as manager of the hotel until March 1948 when all of the stock was sold to Bert R. Arbogast. When he assumed the management of the hotel appellant's employment ended. She removed all of the books and records of the hotel except the minute book and had them stored. They were later removed under her direction from the storage place where they had been put. She left Mississippi and the books and records have never been located. She testified by deposition and said that she did not remove the books and records from the hotel and denied knowledge of there whereabouts, but it was established conclusively by the evidence that she did remove them. It was also established that no authorized change was ever made in her salary from the time she took over until the time she relinquished her position as manager of the hotel. It was shown by reports to the Collector of Internal Revenue of the salaries paid to employees of the corporation, all of which reports were signed by appellant, that beginning in 1944 and continuing to March 1948 she withdrew in her salary $6,346.19 more than had been authorized. The chancellor

gave appellee a decree against her for this amount plus interest and impressed a lien on the assets in the hands of the garnishee to satisfy the same. From that decree she appeals.

It is contended that the decree is contrary to the great weight of the evidence. Without detailing the contents of the voluminous record in this case, we think the evidence abundantly supports the decree. It overwhelmingly refutes much of the evidence which appellant gave by deposition and justifies the decree in the mind of any fair minded person.

It is next contended that since the original bill of complaint did not waive answer under oath, the sworn answer of defendant could not be overturned except by two witnesses or by one witness and corroborating circumstances. The decree does not rest on the testimony of one witness alone. It is sustained not only by the record which appellant made of the payments of salary which she drew from the corporation, but also by numerous other facts and circumstances shown by oral testimony and other documentary evidence. It follows that the decree should be affirmed.

Affirmed.

*Roberds, P. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.